Case 4:22-cv-04116   Document 7   Filed on 05/31/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRENCE L. DAVIS a/k/a TERRANCE L. DAVIS, TDCJ # 01972854, § § § Plaintiff, § § VS. § § ZANTAC MAKER OF RANITIDINE, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:22-4116 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terrence L. Davis, also known as Terrance L. Davis,[1] is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). Davis proceeds *in forma pauperis* in this civil rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

### I.     BACKGROUND

Davis executed his complaint in this action on November 9, 2022.  He brings claims against two defendants: (1) "Zantac maker of ranitidine"; and (2) "TDCJ medical staff"

---

[1]   In his pleadings, Davis provides his first name as "Terrence."  However, TDCJ records for a prisoner with the same number show his name as "Terrance."

(Dkt. 1, at 3). He states that during his incarceration, TDCJ's medical staff prescribed him Zantac, or ranitidine, for heartburn and acid reflux. He provides the dates of his prescriptions as December 19, 2011 through July 31, 2012, and January 24, 2015 through "at least" April 24, 2020. He claims that, in October 2022, he learned while watching television that "this drug was causing cancer" (*id*. at 4). He alleges that he was "deliberately exposed" to Zantac and the cancer risk and complains that "[t]his company made million[s] of dollars of people and other company[ies] that bought" Zantac (*id*.).

Davis submits medical reports reflecting that he was prescribed ranitidine while in TDCJ (*id*. at 6-7). He also submits a copy of his request for information, dated October 13, 2022, asking why inmates had not been notified about the cancer risk from ranitidine or tested for cancer. The official who responded to Davis' request stated that TDCJ had discontinued the frequent use of Zantac "immediately after reports were received," and that "[n]o testing is indicated unless symptoms of possible cancer exist" (*id*. at 8-9). Additionally, Davis submits his administrative grievance about the cancer risk from Zantac, dated October 27, 2022, which was not processed based on an official's conclusion that the time to file a grievance had expired (*id*. at 10-11).

Davis alleges that Zantac or its manufacturer was deliberately indifferent to the "substantial risk of serious harm" from exposure to "cancer causing substances," in violation of his constitutional rights (*id*. at 3). He alleges that TDCJ medical staff are liable because they did not give notice "to all inmates" that the drug they prescribed "was causing cancer," thus placing his health and safety at risk (*id*. at 4). As relief for his claims, he

seeks monetary damages and an "injunction for TDCJ-medical staff," among other relief (*id*. at 5).

## II.     THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

Additionally, a court must dismiss an action at any time if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). "A case is properly dismissed for

lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up). Dismissal for lack of subject matter jurisdiction is warranted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 . Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.  DISCUSSION

Davis brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation.  *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).  However, he does not plead facts that could show that Zantac or ranitidine, or a manufacturer of the medication, was a state entity or was otherwise acting under color of law.  Therefore, taking as true all facts pleaded in the complaint, Davis fails to state a claim upon which relief can be granted against Zantac, ranitidine, or its manufacturer.  His claim against these defendants therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

As for his claims against unnamed TDCJ medical staff, Davis' claims fail because he does not plead an injury sufficient to confer standing.  The requirement that a litigant must have standing to invoke the power of a federal court is "one of the controlling elements in the definition of a case or controversy under Article III."  *Hein v. Freedom from Religion Found., Inc.,* 551 U.S. 587, 598 (2007) (cleaned up). To establish Article III standing, a plaintiff's injury must be (1) "concrete, particularized, and actual or imminent"; (2) "fairly traceable to the challenged action"; and (3) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up); *see Barilla v. City of Houston, Tex.*, 13 F.4th 427, 431 (5th Cir. 2021).  The Supreme Court has emphasized that "the injury-in-fact requirement requires a plaintiff to allege an injury that is both "concrete *and* particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016) (emphasis original).  To be concrete, the injury must "actually exist" and not be abstract; to be

particularized, it "must affect the plaintiff in a personal and individual way." *Id.* at 339-340.  As the party invoking federal jurisdiction, a plaintiff bears the burden to establish these elements and "must clearly allege facts demonstrating each element." *Id.* at 338 (cleaned up).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to establish standing." *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (cleaned up).

Here, Davis alleges that TDCJ medical staff failed to provide him with notice of the risks of Zantac, thus placing him at risk.  However, he does not allege that he actually was harmed by taking Zantac.  Moreover, he states that he no longer takes the medication, stopping around April 2020, and has not alleged any facts indicating that he has symptoms of possible cancer. Therefore, he has not alleged an actual injury sufficient to confer standing.  Although his statement that he faces a risk to his future health could be construed to allege a future injury, a plaintiff relying on future injury is required to plead facts demonstrating an *imminent* injury, that is, one that is "certainly impending." *Clapper*, 568 U.S. at 409.  Davis does not allege an imminent injury. *See id*. (holding that allegations of "*possible* future injury" are insufficient) (emphasis original).

As an additional ground for dismissal, Davis' claims against TDCJ medical staff fail to state a claim under the Eighth Amendment.  Under the Eighth Amendment, a plaintiff must demonstrate that the defendant exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (cleaned up); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A plaintiff must show that the defendant was aware of facts from which

the inference could be drawn of a substantial risk of serious harm; that the defendant subjectively drew the inference that the risk existed; and that the defendant disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). Davis has not pleaded facts that could show that any medical staff at TDCJ was deliberately indifferent to his needs in connection with Zantac, nor that he suffered an unnecessary and wanton infliction of pain. To the extent he claims that officials should have known about the risk and discontinued Zantac use more quickly, his claim is insufficient under Eighth Amendment standards. *See id.* (a significant risk that the official "should have perceived but did not" is insufficient for a constitutional violation). Moreover, to the extent he claims that officials were negligent, his claim also fails. *See Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (deliberate indifference requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge").

For the reasons stated above, Davis' claims against TDCJ medical staff will be dismissed for lack of standing and for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1) filed by Davis is **DISMISSED** under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §1915(e)(2)(B) for lack of standing and for failure to state a claim upon which relief may be granted. All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at**

**Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, on _____May 31_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE